Harter, J.
In this case it is admitted by the agreed statement of facts that one Esther Rice was an indigent person who lived in the village of Louisville. She became in need of *2 medical attention and hospitalization and was sent to the plaintiff’s hospital, which is situated in Canton, as a. noncontagious case, in order to receivé the necessary hospital care. She was there for a period of twenty days, during which time the hospital rendered service which is reasonably worth the sum of $116,10.
As soon as this patient was received at the hospital the plaintiff notified both defendants that she was there, as is provided by the terms of Section 3480, General Code, for cases where medical service is rendered and there is no contract physician, but while neither of the defendants had a contract physician neither of them will accept responsibility for the bill, for the village claims that the township is alone responsible, the township claims that the village and not it should be made to pay, and each seeks to cast the burden upon the other, because of the fact that the boundaries of the village are not co-extensive with the boundaries of the township.
The plaintiff, however, seeks to hold either or both and asks the court once and for all to determine the problems of responsibility under the new jurisdiction conferred upon the court by the Declaratory Judgments Act.
From the foregoing statement it is seen at a glance that the problem presented entails the construction of the various statutes which govern poor relief, hence the headstone of the whole problem is Section 3476, General Code, which provides as follows:
“ * * •* The trustees of each township or the proper officers of each city therein respectively shall afford at the expense of such township or municipal corporation public support or relief to all persons therein who are in condition requiring it. It is the intent of this act that townships and cities shall furnish relief in their homes to all persons needing temporary or partial relief who are residents of the state, county and township or city * * *. Relief to be granted by the county shall be given to those persons who do not have the necessary residence requirements, and to those who are permanently disabled or have become paupers and to such other persons whose peculiar condition is such that they cannot be satisfactorily cared for except at the county infirmary or under county control. When a city is located within one or more townships, such temporary relief shall be given only by the proper munici *3 pal officers, and in such cases the jurisdiction of the township trustees shall be limited to persons who reside outside of such city.”
The language of the section just quoted is plain and this section definitely places upon cities and townships a mandatory duty of furnishing poor relief to persons who have unfortunately fallen into the class to which Mrs. Rice belonged. No obligation in this regard is imposed upon a village by the statute, and there is good reason for thus exempting villages, as the court will endeavor to point out later.
It will thus be seen that Section 3476 definitely places the burden of relief, but it must be conceded that it does not directly impose any duty with regard to medical care. This latter duty is imposed by Section 3480 and 3480-1, General Code, in the following language:
“When a person in a township or municipal corporation requires public relief, or the services of a physician or surgeon, complaint thereof shall be forthwith made by a person having knowledge of the fact to the township trustees, or proper municipal officer. If medical services are required, and no physician or surgeon is regularly employed by contract to furnish medical attendance to such poor, the physician called or attending shall immediately notify such trustees or officer, in writing, that he is attending such person, and thereupon the township or municipal corporation shall be liable for relief and services thereafter rendered such person, in such amount as such trustees or proper officers determine to be just and reasonable. If such notice be not given within three days after such relief is afforded or services begin, the township or municipal corporation shall be liable only for relief or services rendered after notice has been given. Such trustees or officers, at any time may order the discontinuance of such services, and shall not be liable for services or relief thereafter rendered.”
“When a person requiring medical services or the services of a hospital, in cases other than contagious, has a legal settlement in a municipality or township within the same county but other than that in which the service is rendered, and such person is unable to pay the expenses of such service, the municipality or township rendering such service shall notify, in writing, the proper officials of *4 the municipality or township of legal settlement of such person that such services are being rendered. Such written notice shall be sent within three days if the fact of non-residence is disclosed upon the beginning of such service or admission to such hospital, or within three days after discovery of such fact if the same be not disclosed as above. * * * *”
When the two sections last quoted are read it is seen that the duty to render medical care is less clearly imposed than is that to furnish relief. It might even be contended that there is no duty to furnish hospital care. The defendant trustees strongly contend that they owe no duty to furnish either medical or hospital care to the indigent resident of a village, but the court does not think that either position is. tenable because these three statutes are contained within the same legislative chapter and hence must be read in pari materia. When the court comes to read these three sections in that fashion it is evident that indigent persons are entitled to hospital as well as medical care at public expense, not only because the one is often useless without the other but because from the context of Sections 8480 and 3480-1 this is the manifest legislative intent. It is likewise to legislative intent that when medical and hospital services are thus required they must be furnished by the city or township of legal settlement, and may not be required of the village in which the person lives; for Section 3476 alone imposes the duty, Sections 3480 and 3480-1 are merely descriptive of it, and when the word “municipal corporation” is used in the latter sections it can refer only to the municipal corporation upon which such duty is imposed and hence refers to cities alone as clearly as though the legislature had used that language.
The view which the court has seen fit to adopt reconciles the apparent discrepancy between the opinions of the Attorney-General which have been cited by the parties. In the opinion rendered by Attorney-General Crabbe, O. A. G. 1926, 452, the question here involved was not directly presented, for the only municipality involved was a city. Neither was this question presented in the opinion rendered by Attorney-General Turner, 2 O. A. G. 1927, 1486, *5 for there the township alone was involved. Nor was it presented in the one rendered by Attorney-General Bettman, 2 O. A. G. 1932, 766, for there the question was whether the village could pay a charge such as this if it desired, which is an entirely different matter. The question was presented in the opinion rendered recently by Attorney-General Bricker, 845, 5-20-33, and with this latter opinion the court is in entire accord.
The court has heretofore said that the distinction drawn by the legislature in Section 3476 between cities and villages, whereby the cities must render poor relief, while the villages need not, is reasonable, and now desires to point out its reasons for taking that view. Section 5625-5 provides what must be included within the levy made for general expenses in the case of municipalities, counties and townships. Under it both counties and townships are obliged to levy for and pay into the general fund a tax for the relief of the poor. .Municipalities are not required to do so. As a matter of practice, cities do but villages do not. This opinion has already pointed out that, medical attention and hospital care is part of what is meant when the statutes deal with “poor relief.” If all municipalities, both cities and villages, were required to furnish poor relief, the section just alluded to would impose upon all municipalities the duty of making a levy to pay for it.
Inasmuch as the court holds the views which are set out in full in this opinion, the court must render judgment in favor of the plaintiff against the defendant trustees, and dismiss the petition as against the defendant the village of Louisville. Coming on to construe the statutes involved, and render a declaratory judgment upon the question presented by the pleadings, the court finds that when indigent persons are resident in a village the limits of which are not co-extensive with- those of the township that the township trustees are required to furnish temporary relief, and that medical attention and hospital care are a part of the temporary relief thus required to be furnished, except for contagious cases, and that when proper notice is given such trustees are liable for the reasonable value of the same. The village may give it, but is not required to.